Mary Welday Rippe, pro se.

David Y. Campbell, St. Louis, Mo. (Clarence M. Barksdale, St. Louis, Mo., was with him on the brief), for appellees.

Before GARDNER, Chief Judge, and THOMAS and COLLET, Circuit Judges.

COLLET, Circuit Judge.

This action is entitled a suit to quiet title. Jurisdiction is predicated on diversity of citizenship and the claim that Plaintiff-Appellant's rights under the Federal Constitution have been violated, for which it is asserted that redress may be had in this proceeding. The action was dismissed on motion. The complaint is long and confused, making it extremely difficult to glean the facts from the argument and citations of law. It might well have been dismissed for failure to comply with the Rules of Procedure, rule 8(a), 28 U.S.C.A. requir-

ing a clear and concise statement of the facts relied upon. But the trial court with patience and solicitude for the discovery of a possible cause of action permitted numerous amendments, modifications and explanations of plaintiff's recitations, pro se, of her problems. We have undertaken to exercise a similar degree of care in our examination of the record to see if, from the four corners of the complaint, there be sufficient facts stated, however ineptly, to constitute grounds for relief.

William D. Rippe is alleged to have been the owner of personal property valued at $72,000 and improved real estate located in the City of St. Louis, Missouri, and in St. Louis County, Missouri. He and his sister lived together at their home in St. Louis County. On December 12, 1941, both were adjudged incompetent by the Probate Court of St. Louis County, Missouri, and placed in a hospital for care. At that time Mr. Rippe was 72 years of age and his sister 82. No appeal was taken from that judgment. The sister died on January 21, 1943. From the death notice Mary Welday recognized the sister and Mr. Rippe as her old friends—the latter "as the man her father would not let her marry in 1900." After two weeks of searching, Mrs. Welday found Mr. Rippe. On May 21, 1943, she took him with her to Pocahontas, Randolph County, Arkansas, where they observed a marriage ceremony and lived together. November 15, 1943, Mr. Rippe executed a will giving his property to Mary Welday Rippe. On December 22, 1943, he executed deeds which are alleged to have conveyed his real estate to her. Mr. Rippe died at Pocahontas, Arkansas, February 20, 1944. It is alleged that Mrs. Rippe "probated" Mr. Rippe's will in Arkansas on February 24, 1944, and thereafter recorded a copy thereof in St. Louis County and the City of St. Louis, Missouri.

At the time Mr. Rippe was adjudicated incompetent his estate was placed in the hands of a guardian under the jurisdiction and supervision of the Probate Court of St. Louis County, Missouri. After he went to Arkansas, habeas corpus proceedings were instituted for the purpose of re-

turning him to the hospital, but it appears that those proceedings were dropped. It also appears, somewhat inferentially, that proceedings for the annulment of the marriage were also instituted in Arkansas but not followed to a conclusion. After his death, the formal administration of his estate was commenced in the Probate Court of St. Louis County, Missouri, and has not been finally closed. An earlier will was admitted to probate in St. Louis County which made no mention of Mary Welday. Appellant presented the Arkansas will for probate in the Probate Court of St. Louis County where it appears to have been rejected by final judgment.

Actions were instituted in the courts of Missouri by persons claiming the estate as heirs of Mr. Rippe, the nature and object of which was to set aside the Arkansas will and deeds. Mary Welday Rippe appears to have been the defendant in those cases. She entered her appearance in those actions and at times was represented by counsel. They proceeded to final judgment and no appeals were taken.

In the complaint in this action appellant seeks to have the adjudication of the Missouri court that Mr. Rippe was of unsound mind set aside and a judgment entered that he was at all times of sound mind; to "establish and declare" the Arkansas will and marriage to be valid; to "cancel, set aside and hold for naught" the final decrees of the Missouri courts (a) cancelling the deeds, (b) holding the marriage invalid, (c) establishing the earlier will as valid, and (d) holding the Arkansas will invalid. The prayer of the complaint further sought to have the title to the estate of Mr. Rippe quieted in appellant and to order the estate turned over to her by the Probate Court of St. Louis County, Missouri.

In the original complaint the residence and citizenship of the defendants in this action were not definitely stated. From an amendment it appeared that two were residents of Arkansas and that plaintiff was also a resident of Arkansas. After the first motion to dismiss was heard, plaintiff dismissed as to the Arkansas defendants. The remaining defendants appear to be the

guardian appointed for Mr. Rippe, the administrator of his estate in Missouri, the Probate Judge and Circuit Judges who entered the Missouri judgments, heirs and distributees of Mr. Rippe's estate, attorneys for those heirs and distributees, and one of Mrs. Rippe's former attorneys.

It is readily obvious that the present action seeks to review the correctness of the judgments rendered by the Missouri courts and seeks to obtain the exercise of the equitable jurisdiction of the United States District Court as a substitute for appeals from those judgments. The equitable jurisdiction of the District Courts of the United States may not be invoked for that purpose. The order of dismissal was proper and is

Affirmed.

United States Court of Appeals,
Eighth Circuit.

